Tayxor, Chief Justice. —
 

 At the time when
 
 Voight
 
 sold the slave to the plaintiff, the defendant had the possession, claiming it adversely against all the world; and'the question is. whether this chose in action is assignable, so as to enable the plaintiff to sue in his own name. For a chose in action conprehends specific chattels, as well as the right to recover a debt or damages, and extends to every sort of chattel property of which a man hath not the actual occupation, but a bare right to occupy it, and a suit in law is necessary to recover the possession, on account of an adversary claim.
 

 The distinction in our law between choses in action and possession, corresponds with a similar one in the ci-, vil and canon laws, in which property in possession is termed
 
 jus in re,
 
 property in action,
 
 jus ad rent.
 
 It is a settled maxim of the common law, that no
 
 chose in action
 
 can be granted or assigned, founded upon the policy of preventing an increase' of law' suits, by restraining those who w'ould not assert their own rights, from transferring them to others of a more litigious disposition. The rule was doubtless more extensive than any mischief that could be apprehended; and it has accordingly been limited by various exceptions, as by the law merchant relative to bills of exchange, and in some instances
 
 respondentia
 
 bonds, by the acts making bonds and notes negotiable, and to the equitable sanction which is given to the assignment of choses in action for a valuable consideration. In many respects the rule at law is merely formal; for it is held that policies of insurance, and judgments, may be sued for by the assignee in the name of the original claimant. But I know of no authority for the position, that a vendee or assignee may sue for property in his owp name, which the vendor or assignor, at the time of sale,
 
 *34
 
 could only recover by suit. It seems to me, that much of the mischief which the rule aimed originally to prevent, would still arise under such a practice; and it is not call-e¿ for by the necessity of trade or commerce, or any of yjoge cauges which introduced the relaxations. The case of
 
 Morgan
 
 v.
 
 Bradley,
 
 decided at the last term, was determined on its own peculiar circumstances; the steer was turned out in the range a very short time before the sale, at which time botii the vendor and the vendee believed it to be still there, and when driven up by the defendant with his own cattle, he believed the steer to be one of them. The possession at that time proceeded from mistake, and could scarcely be considered adverse. The judgment must be affirmed.
 

 The other Judges concurring,
 

 Judgment aeítrmed.